**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Craig J. PORTER, Defendant— Appellant.**

No. 01–30397.

D.C. No. CR–95–00261–ALH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided May 17, 2002.

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

Before TROTT, T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

MEMORANDUM **

Appellant Porter asks us to remand this case to the district court with instructions to resentence him using only the new, sanitized presentence report. Porter bases this request on our earlier remand of this matter on appeal from the district court's denial of his 28 U.S.C. § 2255 petition. We did so, however, only "for initial consideration of Porter's request that the Goranson Report be stricken from the presentence report."

This language must be read in light of the issues in his § 2255 petition and his request for relief. First, the issues raised were ineffective assistance of counsel issues, and the relief requested in connection with those issues was that Porter's guilty pleas be vacated. That request was denied, as was his suggestion that the matter be remanded with "direction to permit withdrawal of the plea." Moreover, Porter had already attacked his sentence on direct appeal and lost, and he did not raise the Goranson Report issue at that time. Most importantly, however, in his § 2255 brief to us Porter identified adverse collateral consequences flowing from the presentence report's inclusion of the Goranson Report and its use by prison officials in connection with his "terms of confinement." He asked us to "direct the district court to issue an order to the Bureau of Prisons (1) to purge the Goranson Report from its files and to destroy all

---

* The Honorable Milton I. Shadur, Senior District Judge for Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

copies of the report in its possession and (2) to expunge paragraph 117 from the original and all copies of the presentence report."

We asked the district court to respond to this limited request involving collateral consequences. Porter's sentence itself was no longer an issue, both (1) because it had been affirmed on direct appeal, and (2) because it was not reopened as a result of his § 2255 petition. The district court did exactly what we asked it to do: sanitize Porter's presentence report to avoid adverse collateral consequences involving his terms of confinement. Under these circumstances, Porter's sentence shall continue to stand.

Given the unusual circumstances involved in this case and the lack of merit of Porter's claim, the mandate shall issue forthwith.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.